### ARANOW v. J. CHEIN & CO.

(Circuit Court, S. D. New York. August 12, 1909.)

PATENTS (§ 328*)—INFRINGEMENT—DRUM.

The Oschatz patent, No. 772,743, for a drum, construed, and, as limited by the prior art, *held* not infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. Suit for infringement of letters patent No. 772,743, granted to Hermann Oschatz, October 18, 1904, for means for securing heads of drums.

Joseph L. Levy, for complainant.

Foulds & Galland, for defendant.

HAND, District Judge. I do not think that the defendants' drum constitutes an infringement. Whatever may be the validity of the

complainant's patent, it at least contemplates the "securing" of the head by "clamping" it between the inside of the stretching rim and the insertion rim. I do not mean to decide that the defendants would escape an infringement by using a device which clamped the head between the inside of the stretching rim and the lower end of the insertion rim, or even between the inner side of the lower bead and the outer side of the insertion rim. It is not because the defendants do not carry the edge of the drumhead up between the inner side of the insertion rim and the inner side of the stretching rim that I differentiate their drum from the patent, but because they do not "clamp" the head between the two rims at all. The lower end of the insertion rim does impinge upon the flange or edge of the rigid head, and so permit its being pressed firmly against the drum body; but that does not constitute a clamping of the head between the rims. The lower bead of the stretching rim does also engage the under side of the flange of the head, so as to make the head and the two rims one piece which lock together; but that is not a clamping of the head between the rims either.

The complainant very naturally insists that so to limit his patent to the exact disclosure is not in accordance with law, and that to use a part of his invention for another purpose is an infringement. That depends upon just what was his "invention," and how far he advanced the art. Of course, the patent is not primary, and the claim must be limited by the prior state of the art of doing what many had previously done in somewhat different ways. In just what respect are those means different which the complainant's patent discloses?

That feature of his patent by which a rigid drumhead like the defendants' may be pressed upon the drum body by the impingement of the stretching ring is old, and may be found in the Rawson (No. 151,-797), Woodman (No. 438,670), Cox (No. 504,910), and Converse (No. 656,518) patents. The defendants do not cause the stretching rim itself to impinge directly; but in their drums the insertion rim is merely a part of the stretching rim, nonresonant, to be sure, but no different in function from what it would be if the two were in fact the same. It cannot be an infringement to use the two rims for a function which they perform in precisely the same way as the single rims do in the older patents. The insertion rim is used merely as a shoulder to bear directly upon the flange of the rigid drumhead.

That feature of the defendants' drum by which the stretching rim is locked with the drumhead into one piece by the bending around of the lower bead is also anticipated in the Woodman patent (No. 438,-670); for in that case the two rims, together with the head, could be removed together. Indeed, in that patent there is a perfect functional analogue to the insertion rim in the strip, f (Fig. 3), at least, so far as this "knockdown" feature is concerned.

There remains of novelty to the Oschatz patent only the fact that when the lower bead is bent over, as described in the specification, it clamps the margin of the head between the two rims, and in particular that the extreme edge of the bead, by pressing directly upon the open or outer side of the insertion rim, exerts a pressure directly against

that rim, which is transmitted to that portion of the edge of the drumhead which runs up between the flat surfaces of the two rims. The added friction created by this rigid embrace of the two rims, which the bead so causes, together with the friction between the inner side of the bead itself and the lower edge of the insertion rim, may perhaps constitute an invention. As to that I need decide nothing. An examination of the defendants' drums shows that they rely on no such thing as has been described. There is no "clamping" of the drumhead; no friction created between the rims. Indeed, there is a play between the head and the two rims, of which the insertion rim merely acts, as I have said, as a bearing shoulder, and the bead as a means of lifting off the head along with the two rims. Perhaps, if there had been no such anticipations, and the patent were not so confined, it might be said that the "means" invented included that part which the defendants use. If, in other words, no rim had been previously invented which impinged upon the flange of a rigid head, or nothing corresponding to the lower bead which kept it as a part of the stretching rim, then the defendants' drum might be held to infringe; but these prior inventions or modifications have left nothing for the complainant's patent as an invention, but the limited novelty of the "clamping" feature as already noticed. Possibly the defendants have adapted a part of the complainant's mechanism to a new use, but they have not used the "invention" at all. At most they have taken some part of the whole, which only as a whole constituted the invention, and they have used that part as a modified means for doing an old thing.

I shall be obliged to dismiss the bill, with costs.